UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JASON M. HART,

              Plaintiff,

v.

ROBIN SMITH, et al.

              Defendants.

CASE NO. 2:24-cv-00661-RSM-BAT

**REPORT AND RECOMMENDATION**

      Plaintiff, Jason M. Hart, is a prisoner at the Washington State Penitentiary at Walla Walla who has filed a series of 42 U.S.C § 1983 complaints against Defendants at the Monroe Correctional Complex. The Court must review prisoner complaints seeking relief against a governmental entity or employee and must dismiss the complaint if it: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)(b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

      The Court has reviewed the complaint filed in this case, Dkt. 6, and recommends it be dismissed with prejudice as duplicative of the complaint Plaintiff filed *Hart v. Sennah et al.*, 2:21-cv-21-1127-DGE which was dismissed with prejudice on August 31, 2022. If the

REPORT AND RECOMMENDATION - 1

1  recommendation to dismiss is adopted, the Court also recommends the dismissal be counted as a
2  strike under the PLRA, 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a) and (b).
3        Plaintiff's present complaint alleges Monroe Correctional Complex (MCC) employees
4  Robin Smith, PA and Lamin Sennah, ARNP, violated Plaintiff's Eighth Amendment rights by
5  prescribing "Donepezil" for "Alzheimers." Plaintiff claims he does not suffer from Alzheimers
6  and the Donepezil he received over an 18-month period caused brain damage and other physical
7  and mental harms. *See* Dkt. 6. Plaintiff also alleges John and Jane Doe Defendants at the
8  Washington Penitentiary at Walla Walla are violating his rights, *id.* at 18, but these allegations
9  appear to be related to a complaint Plaintiff filed in the Eastern District of Washington in case
10 number 4:24-cv-0531-SAB. *Id.* at 4. As relief, Plaintiff seeks "$50,000,000 million USD in
11 monetary damages." *Id.* at 10.
12       The present complaint is duplicative of the complaint filed by Plaintiff in *Hart v. Sennah*
13 *et al.*, 2:21-cv-21-1127-DGE. In *Sennah*, Plaintiff also alleged Defendants at MCC, Lamin
14 Sennah AKA Lamin Sennah, Robin Smith and other healthcare workers, violated his federal and
15 state rights by prescribing him medications for medical conditions that Plaintiff claimed he did
16 not have, thereby harming him. On June 9, 2022, Defendants moved for summary judgment.
17 Dkt. 47. On August 3, 2022, the Court issued a report and recommendation that summary
18 judgment be granted, dkt. 58, and on August 31, 2022, the Court issued an order adopting the
19 report and recommendation and dismissing the case with prejudice. Dkt. 59 and 60.
20       In reviewing a prisoner complaint, the Court is required to dismiss those that are
21 frivolous. *See* 28 U.S.C. § 1915A. The statute does not define "frivolous or malicious," but
22 courts have uniformly agreed that, at a minimum, a malicious lawsuit is one that is duplicative of
23 another federal lawsuit involving the same plaintiff and defendant. *See, e.g., McWilliams v.*

REPORT AND RECOMMENDATION - 2

*Colorado*, 121 F.3d 573 (10th Cir. 1997) (affirming dismissal of § 1983 complaint as frivolous where it duplicated a prior federal lawsuit); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993) (affirming dismissal of duplicative complaint under pre–PLRA version of 28 U.S.C. § 1915(e)); *Murillo v. Taylor*, 2015 WL4488060, at *15–16 (S.D. Cal. July 22, 2015); *Meadows v. Woods*, 156 F.R.D. 165, 166 (W.D. Tenn 1994) (dismissing complaint as frivolous under pre-PLRA version of 28 U.S.C. § 1915(e)); *Adams v. California Department of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007) ("Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court against the same defendant.").

The Ninth Circuit has expressly recognized that a duplicative suit is either frivolous or malicious, and thus the dismissal of such a suit qualifies as a strike under the PLRA. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (recognizing that a duplicative complaint is either frivolous or malicious); *LeBlanc v. Asuncion*, 699 F. App'x 762 (9th Cir. 2017) (holding that dismissal of duplicative complaint was properly deemed a strike) (citation omitted).

Here, Plaintiff has filed a complaint that makes the same allegations made in an earlier complaint that has been dismissed with prejudice. The present complaint is thus duplicative of Plaintiff's earlier complaint.

Additionally, Plaintiff is barred from relitigating an issue of fact or law previously litigated and resolved in a valid court determination that was essential to the prior judgment, even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Here Plaintiff cannot reraise his claims against Defendants because his claims are identical to his earlier complaint, the claims were fully and fairly litigated and decided in the prior proceeding on the merits. *See, e.g. Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012).

REPORT AND RECOMMENDATION - 3

Accordingly, the Court recommends the present complaint be dismissed because it is duplicative of Plaintiff's earlier complaint, and because the doctrine of issue preclusion bars Plaintiff from relitigating claims and issues that were fully and fairly adjudicated on the merits in his earlier complaint. Because the present complaint is duplicative the dismissal should count as a strike under the PLRA.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore, Plaintiff should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **June 18, 2024.** The Clerk should note the matter for **June 21, 2024**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 4th day of June, 2024.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

e

REPORT AND RECOMMENDATION - 4